**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4051

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

LORI A. PARRY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:15-cr-00416-ELH-1)

Submitted: January 31, 2018                    Decided: February 20, 2018

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Justin Eisele, SEDDIQ LAW FIRM, Upper Marlboro, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Paul E. Budlow, Assistant United States Attorney, Christopher M. Carter, Law Clerk, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lori A. Parry, a former employee of the United States Postal Service, was convicted of making false statements to obtain more than $1000 in federal employees' compensation, in violation of 18 U.S.C. § 1920 (2012); theft of government property and aiding and abetting, in violation of 18 U.S.C. §§ 2, 641 (2012); and making false statements and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1001 (2012). The district court sentenced Parry to serve 12 months and 1 day in prison and to pay restitution in the amount of $214,227. She now appeals to this court, contending that (1) the district court erred in denying her motion in limine to exclude her statements to postal inspectors; (2) the district court erred in allowing the prosecutor to comment in closing arguments regarding the defense's failure to call certain witnesses; and (3) the district court erred in its calculation of losses attributable to Parry. We affirm.

"[L]aw enforcement [must] inform individuals who are in custody of their Fifth Amendment rights prior to interrogation. . . . Without a *Miranda* warning, evidence obtained from the interrogation is generally inadmissible." *United States v. Hashime*, 734 F.3d 278, 282 (4th Cir. 2013) (citations omitted). "When deciding whether a defendant not under formal arrest was in custody[,] . . . a court asks whether, under the totality of the circumstances, a suspect's freedom of action was curtailed to a degree associated with formal arrest." *Id.* (alterations and internal quotation marks omitted). In making that determination, we consider several factors, which include but are not limited

2

to:

> the time, place and purpose of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the presence of multiple officers, the potential display of a weapon by an officer, . . . whether there was any physical contact between the officer and the defendant[,] . . . the suspect's isolation and separation from family, and physical restrictions.

*Id.* at 283 (citations and internal quotations marks omitted).

We have reviewed the record and agree with the district court that Parry was not in custody and, therefore, was not entitled to *Miranda*[1] warnings. We also agree with the district court that there was no Fifth Amendment violation under *Garrity v. New Jersey*, 385 U.S. 493 (1967), which prohibits the use in a subsequent prosecution of statements obtained under threat of removal from a job. 385 U.S. 493, 500 (1967). In contrast to the situation in *Garrity*, there is no evidence here that agents told Parry she would be fired if she did not participate in an interview with the agents or that she harbored such a belief.

Next, Parry argues that she was deprived of her right to a fair trial when the government stated during closing argument that Parry had the ability to call witnesses and to ask questions on cross-examination. "Comments by a prosecutor can constitute grounds for reversal where the comments were improper and where they so prejudicially affected the defendant's substantial rights as to deprive [her] of a fair trial." *United States v. Jones*, 471 F.3d 535, 542 (4th Cir. 2006).

> If a court finds the prosecution's remarks to be improper, their prejudicial effect is assessed through a consideration of a number of factors, including (1) the degree to which the remarks tended to mislead the jury or prejudice

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

the accused; (2) whether the remarks were isolated or extensive; (3) the strength of the evidence supporting guilt in the absence of the remarks; (4) whether the comments were deliberately placed in front of the jury to divert attention to extraneous matters; (5) whether the remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*Id.* at 542 n.2. We previously have held that, when a defendant argues that the government's failure to call a witness weakens the government's case, the government may respond by noting that the defendant also could have called the witness. *See United States v. Molovinsky*, 688 F.2d 243, 247-48 (4th Cir. 1982). After reviewing the transcripts and examining the prosecutor's comments in context, we conclude that the comments do not warrant reversal.

Finally, Parry contends that the district court erred in calculating the amount of loss attributable to her. We review a district court's restitution order for an abuse of discretion. *United States v. Grant*, 715 F.3d 552, 556-57 (4th Cir. 2013). Ultimately, the government bears "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" by a preponderance of the evidence. 18 U.S.C. § 3664(e) (2012). And once the government has satisfied its burden to offer evidence supporting its restitution calculation, the burden shifts to the defendant to dispute the amount with her own evidence. *United States v. Stone*, 866 F.3d 219, 227 (4th Cir. 2017). In the calculation of restitution, the "district court's view of the evidence must only be plausible in light of the record viewed in its entirety." *Id.* at 226 (internal quotation marks omitted). Having thoroughly reviewed the record, we conclude that the district court did not abuse its discretion in its calculation of restitution owed by Parry.

4

As for the amount of loss attributable to Parry under the Sentencing Guidelines, we review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Catone*, 769 F.3d 866, 875 (4th Cir. 2014). The determination of loss amount "is a factual issue" reviewed "only for clear error." *Stone*, 866 F.3d at 227 (internal quotation marks omitted). Clear error exists "only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Mannigan*, 592 F.3d 621, 631 (4th Cir. 2010) (alterations and internal quotation marks omitted). Again, having thoroughly reviewed the record, we conclude that the government proved the amount of loss to the requisite degree of certainty and the district court did not clearly err in its calculation of the loss amount attributable to Parry under the Sentencing Guidelines.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*